[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

No. 11-13983
_____

D. C. Docket No. 2:10-cv-00536-LSC

LOUISE ALEXANDER,
in her individual capacity,

                                                        Plaintiff-Appellant,

versus

EDWARD E. MAY,
individually and in his official capacity
as Manager of the Bessemer Electric
& Water Service and as Mayor of the
City of Bessemer,
CHARLES NEVINS,
in his official capacity as Operations
Manager of Bessemer Electric Service,
CITY OF BESSEMER, ALABAMA,

                                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 17, 2012)

Before WILSON, ANDERSON and HIGGINBOTHAM,* Circuit Judges.

PER CURIAM:

We have had the benefit of oral argument in this case and have carefully considered the briefs and relevant portions of the record. We address only the specific arguments raised by Plaintiff in her briefs on appeal, and we conclude that those arguments are unpersuasive. Thus, the judgment of the district court should be affirmed.

Plaintiff presents only four arguments on appeal. First, she argues that the district court failed to mention or apply Mathews v. Eldridge, 424 U.S. 319, 96 S. Ct. 893 (1976). We disagree. The district court did cite and rely on subsequent case law which applied the Mathews principles, including Zinermon v. Burch, 494 U.S. 113, 110 S. Ct. 975 (1990); Hudson v. Palmer, 468 U.S. 517, 104 S. Ct. 3194 (1984); Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908 (1981); and Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 98 S. Ct. 1554 (1978).

In her second argument, Plaintiff acknowledges that her monthly bills warned her of the possibility that her electrical services would be terminated if her

_____

* Honorable Patrick E. Higginbotham, United States Circuit Judge for the Fifth Circuit, sitting by designation.

bills were unpaid after the due date, but she maintains that she had no notice of the account review procedures affording customers an opportunity to present objections to their bills. We conclude that this argument is unsupported because Plaintiff had ample notice. The ordinances contained in the Bessemer city code were reasonably calculated to inform customers of the bill dispute procedures. See City of West Covina v. Perkins, 525 U.S. 234, 242, 119 S. Ct. 678, 682 (1999) ("While Memphis Light demonstrates that notice of the procedures for protecting one's property interests may be required when those procedures are arcane and not set forth in documents accessible to the public, it does not support a general rule that notice of remedies and procedures is required."); Grayden v. Rhodes, 345 F.3d 1225, 1241-42 (11th Cir. 2003) (explaining that notice of the right to a hearing can be provided by "published, generally available state statutes and case law," "public sources," "any publicly available document," and "documents accessible to the public" (quotation marks and citation omitted)). Significantly, the record shows that Plaintiff was aware of the procedures; she actually utilized them, challenging her electrical bill several times before LaTricia Crusoe, the Business Office Supervisor of Bessemer Utilities, and appearing before the City Council's Utilities Committee on June 23, 2009. Moreover, Plaintiff herself served on the Bessemer City Council for over ten years—including four years as a

member of the Utilities Committee—and would have been familiar with the account review procedures.  Finally, Plaintiff admitted in deposition testimony that she knew how to dispute any amount on a bill that she did not agree with.

Plaintiff's third argument is that the district court ignored binding law to the effect that "post-deprivation remedies do not provide due process if pre-deprivation remedies are practicable."  (Appellant's Br. at 20.)  She likewise contends that the "district court [did not] even imply that it would have been impracticable for [Bessemer Utilities] to have given Alexander notice and a hearing on her disputed bills before disconnecting her electrical services on March 9, 2010."  (Id.)  Plaintiff's assertions are in error.  The district court expressly addressed "whether predeprivation procedural safeguards could address the risk of deprivations of the kind alleged by Alexander."  (Summ. J. Order at 11.)  The court unequivocally held:  "The answer is no."  (Id.)  It reasoned that the State "can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct."  (Id. at 12 (quoting Hudson, 468 U.S. at 533, 104 S. Ct. at 3203).)  More specifically, the court recognized that Plaintiff's procedural due process argument was that the defendants "caused Plaintiff's electrical services to be disconnected in March 2010 for punitive reasons and because Plaintiff had exercised her First

4

Amendment rights to oppose and criticize Defendant [Mayor] May, and to run for the office of Mayor;" and it concluded that such vindictive, political actions constituted random and unauthorized conduct that could not be anticipated and controlled in advance. (Id. at 11-12.) Plaintiff does not challenge the district court's holding in this regard. Instead, she asserts on appeal that the deprivation at issue was predictable and that pre-deprivation procedural safeguards were practicable. However, because Plaintiff does not describe how or why the risk of deprivation was predictable and procedural safeguards were practicable, we must decline to consider her unsupported assertion.

Finally, Plaintiff argues that the district court should have followed the teachings of Memphis Light. We disagree. Memphis Light is distinguished from the instant case because, there, pre-deprivation procedural safeguards were practicable, unlike this case. As Plaintiff's own brief acknowledges, "post-deprivation remedies do not provide due process if pre-deprivation remedies are practicable." (Appellant's Br. at 20 (emphasis added).) The Supreme Court has stated that the general rule is "that the Constitution requires some kind of hearing before the State deprives a person of liberty or property." Zinermon, 494 U.S. at 127, 110 S. Ct. at 984. "In some circumstances, however, the Court has held that a statutory provision for a post-deprivation hearing, or a common-law tort remedy

5

for erroneous deprivation, satisfies due process. . . . because they are the only remedies the State could be expected to provide." Id. at 128, 110 S. Ct. at 984-85 (internal citations omitted). For example, Zinermon described Parratt as explaining that the "very nature of a negligent loss of property made it impossible for the State to predict such deprivations and provide pre-deprivation process." Id. at 129, 110 S. Ct. at 985. Similarly, "[i]n Hudson, the Court extended this reasoning to an intentional deprivation of property" because "[t]he state can no more anticipate and control in advance the random and unauthorized intentional conduct of its employees than it can anticipate similar negligent conduct." Id. at 129-30, 110 S. Ct. at 985 (quotation marks omitted) (quoting Hudson, 468 U.S. at 533, 104 S. Ct. at 3203). This type of situation "is not an exception to the Mathews balancing test, but rather an application of that test to the unusual case in which one of the variables in the Mathews equation—the value of pre-deprivation safeguards—is negligible in preventing the kind of deprivation at issue." Id. at 129, 110 S. Ct. at 985.

As discussed, the district court found that the deprivation asserted by Plaintiff in this case was allegedly caused by the vindictive and retaliatory actions of the defendants, which were random, unauthorized acts that could not be predicted or anticipated in advance and for which pre-deprivation procedural

6

safeguards were not practicable.  Given these circumstances, the court held, a

post-deprivation remedy—Plaintiff's common-law claim for wrongful termination

of utilities—provided all the process that was due.  Because Plaintiff on appeal

does not address this aspect of the district court's holding and because we find

Plaintiff's other arguments unpersuasive, we affirm the district court.[1]

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[1] Plaintiff additionally points to certain facts which she argues the district court failed to consider in the light most favorable to Plaintiff, as is required in this summary judgment posture.  However, none of the cited facts are material to the dispositive legal issue.  Plaintiff also makes an assertion that the district court erroneously assumed that Plaintiff did not seriously dispute the adequacy of her postdeprivation remedy, the Alabama claim for wrongful termination.  Nevertheless, her assertion is conclusory, and Plaintiff on appeal gives no reason why this post-deprivation remedy is inadequate for the particular deprivation she alleges—an intentional, vindictive act by a particular individual or individuals.